UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVE LARON WOODARD SR.,

Plaintiff,

v. Case No. 4:20-cv-216-TKW-HTC

OFFICER EASTBERG, et al.,

Defendants.
______________________________/

REPORT AND RECOMMENDATION

Plaintiff, Steve Woodard Sr., a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 6. The matter was referred to the undersigned Magistrate Judge for preliminary screening and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons set forth herein, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's continued failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently confined at Hamilton Correctional Institution Annex ("Hamilton Annex"). Plaintiff initiated this action on April 6, 2020 by filing a civil rights complaint against Officer Eastberg purporting to state Eighth and Fourteenth Amendment claims under

42 U.S.C. § 1983. ECF Doc. 1. In his initial complaint, Plaintiff alleged Eastberg told him "you just need some dick"; "the prison didn't report [his] case to PREA"; Eastberg continues to be around Plaintiff; and that Plaintiff was "harassed with threats of harm through other inmates," had to check into protective management, and was treated unfairly due to his sexuality. *Id.* at 5, 6. As a result, Plaintiff claimed he would not eat, was depressed and stressed out, gained weight, and "slept." *Id.* at 6.

Upon screening the initial complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court found the facts as presented failed to support a claim for relief under the Eighth Amendment because (1) Plaintiff had not alleged a more than *de minimis* injury, or any physical injury at all, and thus was not entitled to compensatory damages; (2) sexual remarks or threatening comments, standing alone, do not rise to the level of a constitutional violation; and (3) Plaintiff had not shown that Eastberg had failed to protect him from other inmates because, in part, he did not show Eastberg knew about the alleged threats from other inmates.[1] Thus, on May 13, 2020, the Court gave Plaintiff an opportunity to clarify his allegations and cure the above deficiencies by filing an amended complaint (the "Amend Order"). ECF Doc. 5.

[1] The Court also explained that Plaintiff had not stated a claim under the Fourteenth Amendment.

On June 1, 2020, Plaintiff filed his amended complaint against three (3) Hamilton Annex employees: Captain James, Sergeant Edward, and Officer Eastberg. ECF Doc. 6. The amended complaint, however, is just as deficient as the initial complaint and, thus, fails to state a claim against the Defendants. In fact, Plaintiff ignored the Court's Amend Order in regard to his Eighth Amendment claim, as he continues to base his claim on threats and comments, and does not allege that James or Edward knew about Eastberg's comments. Plaintiff's amended complaint sets forth the factual allegations that follow.

On December 2, 2019, at 1:15 PM, Eastberg told Plaintiff "you just need some dick." Afterwards, Plaintiff attempted to "call prea," but was unable to because Eastberg "cut[] off the wall phone." Plaintiff then told his dorm sergeant (Sergeant Edward) what happened to him, but Edward "refuse[d] to report it to his captain" and "at that time, [Plaintiff] was locked back in the dorm . . . until dinner." "Upon meeting Captain James," Plaintiff told James "what happen[ed]" and James "made a statement of locking [Plaintiff] up for wasting his time." James told Plaintiff to get out of his face.

On December 10, 2019, Eastberg "harass[ed]" Plaintiff by "making statements of getting [Plaintiff] stabbe[d] by an inmate to defuse [Plaintiff] from causing more problems." Plaintiff submitted grievances to the Warden and Ms. Bunting and was put in protective management.

Based on these incidents, Plaintiff alleges Eastberg caused him "major emotional distress, by the way he spoke to [Plaintiff]," including causing him to "act out where [Plaintiff] had no control of [his] emotions" and to have nightmares every night. Plaintiff also states, in conclusory fashion, that Eastberg's conduct was "outrageous" and "do to [Plaintiff's] race, and gender" as Plaintiff is a transgender male.

Plaintiff complains he was deprived of his rights to be protected from harm and threats by inmates and an officer. He says he is bringing his claim under color of state law, pursuant to 28 U.S.C. § 2679(d)(2).[2] As Plaintiff's sole relief, Plaintiff seeks to "move from federal claim and file [a] complaint under state court."

## II. STANDARD OF REVIEW UNDER 28 U.S.C. §§ 1915A AND 1915(e)

Because Plaintiff is a prisoner and is also proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis*

---

[2] 28 U.S.C. § 2679(d)(2) pertains to the United States Attorney General defending federal employees in civil actions and does not apply here.

proceedings). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). Although Plaintiff does not allege what federal or constitutional law he contends Defendants violated, reading Plaintiff's complaint liberally, it appears he is trying to assert claims for sexual abuse and failure to protect under the Eighth Amendment, failure to investigate, and First Amendment retaliation. Plaintiff, however, has failed to set forth facts sufficient to establish the elements of those claims. Moreover, because Plaintiff has already been given an opportunity to amend his complaint, and Plaintiff failed to cure the deficiencies originally outlined by the Court, the undersigned finds that an additional opportunity to amend would be futile. *See Helm v. Liem*, 523 F. App'x 643, 646 (11th Cir. 2013) (holding that the district court need not allow an amendment where the amendment would be futile).

### A. Eighth Amendment

The Eighth Amendment protects prisoners against cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quotations omitted).

Since Plaintiff asserts sexual-assault claims, "the core judicial inquiry" requires the Court to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations omitted). "This standard requires a prisoner to establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Under the subjective element, "the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002); *see also Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). Under the objective component, the official's actions must have been "harmful enough," *Hudson*, 503 U.S. at 8, or "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), to violate the Constitution. Indeed, "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37.

As the Eleventh Circuit recently reiterated in *Sconiers*, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the

use of force is not of a sort repugnant to the conscience of mankind." *Sconiers*, 946 F.3d at 1265-66 (citing *Wilkins*, 559 U.S. at 37-38). "Instead, the Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'" *Sconier*, 946 F.3d at 1266 (citing *Wilkins*, 559 U.S. at 37).

Although the Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment, *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006), *abrogated on other grounds by Sconiers*, 946 F.3d at 1267, no such sexual abuse has been alleged in this case. To the contrary, Plaintiff's sole allegation against Eastberg is that he made a derogatory sexual comment to Plaintiff. As the Court previously explained in its Amend Order, Eastberg's alleged comment, "you just need some dick," does not rise to the level of a constitutional violation. *See* ECF Docs. 5 at 5-6; 6 at 5.

Lewd or unwelcome statements of a sexual nature do not rise to the level of a constitutional violation. *See Bonner v. Hall*, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (dismissing action under §1915(e)(2)(B)(ii) because inmate's allegations that correctional officer asked to see inmate's penis, followed by the

defendant licking his lips, failed to state a constitutional violation).[3] Moreover, although what Plaintiff describes is despicable, "isolated episodes of harassment and touching," even where it involves a sexual touch, do not rise to the level of an Eighth Amendment claim. *Allen v. McDonough*, 2011 WL 4102525, at *5 (N.D. Fla. Aug. 17, 2011), *report and recommendation adopted*, 2011 WL 4103081 (N.D. Fla. Sept. 14, 2011) (citation omitted); *Marino v. Commissioner*, 2010 WL 2731791, *10 (D. Me. June 30, 2010) ("one incident of non-violent harassment alone was not sufficient to meet the cruel and unusual punishment standard"); *Major v. Toole*, 2018 WL 5811484, at *3 (M.D. Ga. Nov. 6, 2018) ("[i]n the Eleventh Circuit, a one-time act of sexual touching does not violate the Eighth Amendment.").

Similarly, Plaintiff's allegations that Eastberg harassed him by making statements about getting Plaintiff stabbed by another inmate are insufficient to state a claim under the Eighth Amendment. It is well established that threatening or abusive comments, regardless of how repugnant they may be, do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (finding verbal taunts directed at an inmate, even if they are distressing, do not deprive the inmate of constitutional rights); *see Hernandez v. Fla. Dept. of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("[Plaintiff's] allegations of verbal

---

[3] See *Bonner*, 2012 WL 5357275 at *3 for collection of cases from other districts finding no Eighth Amendment violation.

abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim"); *Jackson v. Sullivan*, 2018 WL 6184782 *2 (M.D. Ala. Sept. 11, 2018) (collecting cases from all circuits holding that mere threats and verbal abuse are not actionable under § 1983).

Accordingly, Plaintiff has failed to state a claim for cruel and unusual punishment under the Eighth Amendment.

**B. Eighth Amendment Failure To Protect**

To the extent Plaintiff seeks to state a claim under the Eighth Amendment for failure to protect, that claim also fails. "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (emphasis omitted) (quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)) (internal quotation marks omitted). "To prevail on such a claim brought under § 1983, the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (citations omitted).

Here, Plaintiff claims he reported Eastberg's sexual comment to Edward and James, and that they did not take any action. *See* ECF Doc. 6 at 5. But Eastberg's lewd statement, standing alone, does not demonstrate that Plaintiff was exposed to a substantial risk of serious harm. *See Bettencourt v. Owens*, 542 F. App'x. 730, 735 (11th Cir. 2013) (agreeing with the district court that "based on the inexplicit nature of Plaintiff's allegations, the sexual harassment from which Plaintiff allegedly suffered could have merely constituted inappropriate verbal advances, verbal taunts, or uncomfortable sexual compliments, with no insinuation of violence. Sexual harassment in this form does not rise to the level of a substantial risk of harm").

Plaintiff has also not stated a claim for failure to protect based on Eastberg's statements about having Plaintiff stabbed by another inmate. Notably, Plaintiff does not claim that he or anyone else told Edward or James about Eastberg's threat. *See Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (holding, "because [the plaintiff] alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him from [the inmate who actually attacked him] and failed to take protective measures, his claim fails" (emphasis omitted)). Additionally, Plaintiff acknowledges that he was placed on protective management after he submitted a grievance to the Warden and Bunting.

### C. Failure To Investigate

As set forth above, Plaintiff claims Edward "refused to report [Eastberg's comment] to his Captain" and James stated to Plaintiff that he would "lock[] [him] up, for wasting his time, and told [Plaintiff] to get out of his face." ECF Doc. 6 at 5. To the extent Plaintiff is attempting to allege a claim for failure to investigate, he cannot do so because prisoners are not entitled to a specific type of investigation. *See Fulmore v. Andre*, 2012 WL 4856938, at *3 n. 8 (M.D. Fla. Oct. 12, 2012) ("prisoners do not have a constitutional right to any specific kind of investigation by prison officials"). Thus, the failure to investigate a complaint does not give rise to a separate constitutional claim. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual")); *Luster v. Jones*, 2012 WL 1987170, at *13 (M.D. Ala. Apr. 30, 2012) ("The failure to property investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials").

### D. First Amendment Retaliation Claims

As set forth above, Plaintiff alleges that he reported Eastberg's comment to Edward sometime after 1:15 P.M. on December 2, 2019, and "at that time, [he] was

locked back in the dorm, and [not] allowed out until dinner." ECF Doc. 6 at 5. At 5:30 P.M. on the same day, Plaintiff reported Eastberg's comments to James, who stated he would lock Plaintiff up for "wasting his time" and told Plaintiff to "get out of his face." *Id.* Reading Plaintiff's complaint very liberally, to the extent Plaintiff is seeking to state a claim for retaliation, he has failed to meet the elements of such a claim.

To adequately plead First Amendment retaliation, an inmate must allege he (1) engaged in First Amendment protected conduct and (2) suffered an adverse action that would deter a person of ordinary firmness from engaging in First Amendment protected conduct (3) as a result of having exercised his First Amendment rights. *Nyberg v. Davidson*, 776 F. App'x 578, 581 (11th Cir. 2019). "[T]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). "[T]o succeed in a . . . claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision. The question of whether the plaintiff has established this element is one for the fact-finder." *Gattis v. Brice*, 136 F.3d 724, 726 (11th Cir. 1998).

Although Plaintiff's complaints about potential sexual harassment are protected conduct under the First Amendment, Plaintiff has not set forth facts sufficient to show that he suffered an adverse action which would deter a person of

ordinary firmness from exercising his First Amendment rights. *See Presley v. Scott*, 2014 WL 7146837, at *20 (N.D. Ala. Dec. 15, 2014) (finding that for a retaliation claim to lie, a plaintiff must allege that "the retaliation resulted in some material detriment to him").

Neither James' statement about locking Plaintiff up for wasting his time nor Edwards' placement of Plaintiff in his dorm room until dinner are the types of adverse action that would deter someone from complaining. Indeed, it did not deter Plaintiff from filing two (2) grievances after being threatened. *See Mitchell v. Thompson*, 564 F. App'x 452, 457 (11th Cir. 2014) (reasoning that the plaintiff "continued to file grievances against [the defendant], even after [the alleged retaliation], which illustrates that a person of ordinary firmness would likely not be deterred from engaging in such speech"); *Moss v. Gradia*, 2010 WL 337603 (N.D. Fla. Jan. 21, 2010) (no adverse effect from the alleged retaliation where the plaintiff filed six (6) grievances against the defendant after the alleged retaliation).

## IV. CONCLUSION

For the reasons set forth above, Woodard's amended complaint fails to state a claim for relief against any of the named Defendants. Additionally, the relief Plaintiff seeks, namely, to "file [a] complaint under state court" is not something Plaintiff needs to get from this Court. Plaintiff filed this action in federal court. If he believes he has causes of action against the Defendants under state law, then he

need only file a notice of voluntary dismissal of this action and file a new action in state court. A dismissal of his claims here will not prevent him from maintaining such an action.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims be DISMISSED without prejudice under 28 U.S.C. §§ 1915A(b)(1) and1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida this 10th day of July, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.